UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PEASE,

v.                                    Case No. 8:98-cr-302-T-24EAJ
                                              8:02-cv-1830-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Andre Pease's motion to vacate, set

aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc cv-1;cr-

303)[1]; the Government's response to the motion to vacate (Doc. cv-7); and Pease's reply

to the response. (Doc. cr-388).  A review of the parties' submissions, the files, records, and

transcripts in this case demonstrates that, for the following reasons, Pease's motion to

vacate must be **DENIED**.

BACKGROUND

On September 11, 1998, Pease, pursuant to a written plea agreement,  pled guilty

to Count One of a four-count indictment.[2]  Count one charged Pease with conspiracy to

distribute cocaine in violation of 21 U.S.C. § 846.  (Doc. cr-7)  The written plea agreement

contained a waiver of appeal that stated:

**5. Appeal of Sentence -Waiver**

The defendant understands and acknowledges that defendant's

_____

[1] Pease filed a memorandum of law in support of his motion to vacate. (Doc. cr-308).

[2] Pease was not charged in counts two and three of the indictment.  Count four was dismissed on the
motion of the Government at sentencing. (Doc. cr-91).

sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines;  provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Doc. cr-25 at 13-14).   At the change of plea hearing, the United States Magistrate Judge questioned Pease about this provision to ensure that he understood it. (Doc. cr-82 at 14-15).

On December 17, 1998, Pease appeared before the Court for sentencing; however, the sentencing was continued. (Doc. cr-67).  On January 29, 1999, the Court sentenced Pease to 360 months incarceration for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. (Doc. cr-90). The undersigned United States District Judge signed the judgment February 1, 1999.   (Doc. cr-91).

Pease appealed the conviction and sentence, raising these issues:

a. the District Court abused its discretion by denying his motion to withdraw his guilty plea because the record established that his counsel did not render effective assistance relating to his plea;

b. the District Court erred in determining the amount of drugs attributable to Pease for sentencing purposes; and

c. the indictment was defective because it failed to specify the beginning date of the charged conspiracy.

Pease filed a supplemental brief, arguing that the District Court erred by failing to

dismiss the indictment because the indictment did not allege an element of the offense – drug quantity – in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (See Government's Exhibits A and B, which are copies of Pease's initial and supplemental appellate briefs)  On January 30, 2001, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.  *United States v. Pease*, 240 F.3d 938 (11th Cir.), *cert. denied,* 534 U.S. 967 (2001).  (Doc. cr-278 [USCA Decision]).

The Eleventh Circuit stated:

Andre Pease pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. On appeal Pease challenges the district court's denial of his motion to withdraw his guilty plea, the district court's attribution of six kilograms of cocaine to Pease at the sentencing hearing, and the sufficiency of the indictment. Pease also claims that his thirty-year sentence runs afoul of the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.

I. FACTS AND PROCEDURAL HISTORY

Pease was charged by indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and with possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Pease pleaded guilty to the conspiracy count pursuant to a written plea agreement containing a waiver of his right to appeal his sentence. At the plea hearing, the magistrate judge informed Pease that the district court would not be bound by any recommendations as to sentencing, that Pease was giving up his right to appeal his sentence either directly or collaterally, and that the charge to which he was pleading guilty carried a minimum mandatory sentence of ten years and a maximum sentence of life imprisonment.

The probation officer prepared a Presentence Investigation Report recommending that Pease be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because Pease had prior convictions for delivery of cocaine and for resisting arrest with violence. At the sentencing hearing Pease objected that his attorney had not advised him that he would be sentenced as a career offender, and asked for more time to consult with counsel. The district court continued the sentencing, and Pease filed a motion to withdraw his guilty plea. After an evidentiary hearing the district court denied Pease's motion.

3

II. DISCUSSION

A. The Motion to Withdraw Guilty Plea

Pease argues that the district court erred in denying his motion to withdraw the guilty plea. We will reverse a district court's denial of a motion to withdraw a guilty plea only if it is an abuse of discretion. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994). Pease maintains that he relied upon counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years. [FN1] In the calculation of Pease's potential sentence, Pease's attorney failed to uncover previous convictions for delivery of cocaine and for resisting arrest with violence. Pease argues that his counsel was ineffective, justifying the withdrawal of his guilty plea.

> FN1. Pease was sentenced as a career offender under the Guidelines to a term of 360 months imprisonment. See U.S.S.G. § 4B1.1.

In evaluating a defendant's motion to withdraw a guilty plea, the court must consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir.1988). Pease argues generally that his plea was involuntary because he did not understand how severe the sentence under the plea agreement might be. However, it is clear from the transcript of the plea hearing that the magistrate judge repeatedly informed Pease he could not rely on his counsel's prediction of his sentence, that the crime to which he pleaded guilty had a mandatory minimum sentence of ten years and a maximum of life imprisonment, and ultimately that "the sentence actually imposed by the Court may be different from any estimate or prediction about [his] guideline sentence that anybody [had] provided [Pease], including [his] attorney." (R.2 at 18). Pease knew at the time he pleaded guilty that his sentence might be life imprisonment, a more severe sentence than he actually received. . . .

The crux of Pease's claim is that his counsel's ineffectiveness rendered his guilty plea involuntary. Pease essentially argues that reliance on his counsel's misrepresentations caused him to disregard the magistrate judge's explicit statements. To establish an ineffective assistance of counsel claim, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that such failure prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S.Ct.

2052, 2064, 2068, 80 L.Ed.2d 674 (1984). In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S.Ct. at 370-71.

We agree with the district court that Pease did not establish that his attorney's performance was deficient. Pease's attorney testified at the evidentiary hearing that his decidedly limited investigation of his client's criminal history included asking the defendant himself if he had prior convictions. As the district court noted, Pease's attorney did not run a criminal records check but instead relied on Pease's representations. [FN3] While the limited scope of this investigation is certainly not laudatory, we cannot say as a matter of law that reliance on a client's statements is per se deficient performance. *Cf. Thomas v. United States*, 27 F.3d 321, 325 (8th Cir.1994) (counsel's failure to inform client of possibility of sentence enhancement as career offender does not fall below objective standard of reasonableness). Rather, a determination of whether reliance on a client's statement of his own criminal history constitutes deficient performance depends on the peculiar facts and circumstances of each case. *Cf. United States v. Cowart*, 590 F.2d 603, 604 (5th Cir.1979) (tactical defense decision, considering facts and circumstances, did not result in ineffective assistance of counsel). The district court did not err in determining that Pease did not establish that his attorney's performance was deficient.

> FN3. Pease's attorney testified at the evidentiary hearing that Pease did not tell him of a prior conviction for resisting arrest with violence, and that he relied upon Mr. Pease's knowledge or recollection of his criminal history. (R.4-98 at 28).

B. The Appeal Waiver and the Weight Attribution

Pease contests the district court's determination of the amount of drugs attributable to him for purposes of sentencing. Pease's plea agreement included an appeal waiver. Appeal waivers are valid if knowingly and voluntarily entered. *United States v. Bushert*, 997 F.2d 1343, 1351-52 (11th Cir.1993). The voluntariness of Pease's waiver of his right to appeal is a legal issue that we review de novo. Id. at 1352.

At the plea hearing the magistrate judge specifically questioned Pease concerning the appeal waiver. (R.2 at 14-15). It is clear from the record that Pease knowingly and voluntarily waived the right to appeal his sentence in

all but a limited number of circumstances not applicable here. Because the weight attribution falls squarely within the appeal waiver, Pease has waived his right to appeal this issue. *See Bushert*, 997 F.2d at 1351-52.

C. The Sufficiency of the Indictment

Pease also argues that the indictment was fatally defective in that it failed to set forth a specific beginning date for the alleged conspiracy, and that therefore his guilty plea cannot stand. Whether an indictment sufficiently alleges a statutorily proscribed offense is a question of law which this court reviews de novo. *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir.), *cert. denied*, 528 U.S. 933, 120 S.Ct. 335, 145 L.Ed.2d 261 (1999).

An indictment sufficiently charges an offense if it alleges the elements of the offense and fairly informs the defendant of the charge against which he must defend; it must also enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). Here Pease argues that the indictment was not sufficiently specific because it merely alleged an unknown start date for the term of the conspiracy, and therefore prevents him from pleading double jeopardy in future prosecutions.[FN4] A contention that the indictment lacked sufficient specificity is waived, however, if the defendant fails to raise it before entering a guilty plea. *See* Fed.R.Crim.P. 12(b)(2); *cf. United States v. Ollet*, 848 F.2d 1193, 1194-95 (11th Cir.1988) (failure to raise challenge to open-ended conspiracy pre-trial waives claim). Pease did not raise the issue in the district court. Pease argues, however, that because of the vague start date the indictment fails to charge an offense, and therefore the issue is preserved. This is because the entry of a guilty plea does not act as a waiver of the objection that the indictment fails to charge an offense. *United States v. Bell*, 22 F.3d 274, 275 (11th Cir.1994).

> FN4. The count to which Pease pleaded guilty reads "From an unknown date through on or about July 21, 1998, in the Middle District of Florida, and elsewhere, [Pease] did knowingly and willfully conspire and agree, together and with other persons both known and unknown to the Grand Jury, to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846." (R.1-7 at 1).

An indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count. *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir.1983). It is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated. *United States v. Marable*, 578

F.2d 151, 154 (5th Cir.1978), *overruled on other grounds, United States v. Rodriguez*, 612 F.2d 906 (5th Cir.1980) (en banc). Because Pease challenges the sufficiency of the indictment for the first time on appeal, the indictment must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge the offense to which Pease pleaded guilty. *Cf. United States v. Trollinger*, 415 F.2d, 527, 528 (5th Cir.1969) (applying rule to conviction following trial).

Notably, Pease does not contend that a defect in the charging instrument hampered his ability to prepare a defense. Assuming arguendo that Pease's contention is appropriately construed as a failure to charge an offense claim, and not a factual specificity claim, *see United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir.1981) (distinguishing between failure to charge offense and factual specificity claims), the language of the indictment sufficiently informed Pease of the charge to which he pleaded guilty and will enable him to plead double jeopardy in any future prosecutions for the same offense. *United States v. Cole*, 755 F.2d 748, 759 (11th Cir.1985).

D. The *Apprendi* Issue

Pease also contends that his sentence of thirty years contravenes the rule established by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362-63. Pease contends that because the indictment did not allege a specific quantity of cocaine, the maximum sentence to which he was exposed was that provided by 21 U.S.C. § 841(b)(1)(C). Because that section carries a statutory maximum of twenty years, Pease argues his thirty year sentence imposed on the basis of the district court's weight attribution of six kilos pursuant to 21 U.S.C. § 841(b)(1)(A) violates the rule of Apprendi.[FN5]

> FN5. Pease expressly waived the right to appeal his sentence either directly or collaterally on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines, provided that if the Government appealed the sentence, Pease was released from the waiver. (R.1-25 at 13-14). We assume without deciding that Pease's *Apprendi* issue falls outside the scope of this appeal waiver.[3]

---

[3] The Eleventh Circuit has since decided that the appeal waiver includes claims based on *Apprendi/Booker* grounds. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1297 (11th Cir.), *cert. denied*, 544 U.S. 1041 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1333-35 (11th Cir.2005).

Pease raises the *Apprendi* issue for the first time on appeal, and we review for plain error. *See United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir.2000). Under plain error review, Pease must establish (1) error, (2) that is plain, and (3) that affect[s] substantial rights. *See id.* If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 1548-49, 137 L.Ed.2d 718 (1997)).

Pease argues correctly that drug quantity is an element of the offense in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) cases that must be charged in the indictment and proven to a jury beyond a reasonable doubt. [FN6]  *See United States v. Rogers*, 228 F.3d 1318, 1324 (11th Cir.2000). Thus, concluding that Pease has satisfied the first two elements of the plain error test by showing that there was error and that it was plain, we must decide whether Pease has shown that the error affects substantial rights. We conclude that he has not.

> FN6. Pease pleaded guilty to a drug conspiracy pursuant to 21 U.S.C. § 846. Statutory sentences for drug conspiracies are set forth in 21 U.S.C. § 841.

Pease notes that the amount of cocaine involved in the offense was disputed at sentencing. However, Pease has never contended that he conspired to distribute less than 500 grams. [FN7] In fact, in both his plea agreement and during the plea colloquy Pease admitted that he had accepted delivery of three kilograms of cocaine. (R.1-25 at 16; R.2 at 23). Under 21 U.S.C. § 841(b)(1)(B), conspiracy to distribute this quantity of cocaine is punished with a statutory range of from five to forty years. Because the district court sentenced Pease to only thirty years, ten years less than the statutory maximum for conspiracy to distribute the quantity admitted, Pease cannot show that the error affects substantial rights. *See Swatzie*, 228 F.3d at 1283.

> FN7. 21 U.S.C. § 841(b)(1)(B), applicable to the criminal offense of conspiracy to distribute 500 grams or more of cocaine, provides a statutory range of from five to forty years, whereas 21 U.S.C. § 841(b)(1)(C), which has no threshold requirement, provides a statutory maximum of twenty years. Naturally, distribution of an amount greater than 500 grams makes the offender subject to the section 841(b)(1)(B) range.

*United States v. Pease*, 240 F.3d at 941.

On October 8, 2002, Pease timely filed the present 28 U.S.C. section 2255 motion

to vacate raising the following grounds for relief:

a.     the Court improperly designated Pease as a criminal offender;

b.     the Court erred in denying the petitioner a downward departure for acceptance of responsibility;

c.     Pease's guilty plea is invalid because:

1. It was entered involuntarily. Pease's counsel were pressured and threatened by the Government to coerce Pease to enter into the plea agreement;

2. The Court failed to inform Pease that drug quantity was an essential element of the offense;

3.  It failed to specify the piece of property the Government was seeking to forfeit;

d.     the Court constructively amended the indictment by altering the essential elements of the offense;

e.     the Court was without jurisdiction to accept Pease's plea agreement because there was no one other than Pease and the Government's confidential informant involved in the conspiracy;

f.     the Court was without jurisdiction to accept Pease's plea agreement because Pease never admitted a necessary element of the offense;

g.     the Government breached the plea agreement by failing to inform the Court of the extent of Pease's cooperation;

h.     Pease received ineffective assistance of counsel because counsel:

1.     had a conflict of interest;

2.     violated Pease's attorney/client privilege;

3.     failed to inform Pease that drug quantity was an essential element of the charges against him;

4.     failed to challenge a constructive amendment of the indictment;

5.     stipulated to the amount of drugs Pease was

9

responsible for;

6.      failed to inform Pease of the piece of property the Government was seeking to forfeit in the plea agreement;

7.      failed to challenge the Court's career offender designation of the petitioner; and

8.      failed to investigate the jurisdiction of the court to accept Pease's guilty plea.

i.      Pease received ineffective assistance of appellate counsel for counsel's failure to challenge on direct appeal: (1) the validity of the guilty plea on the grounds listed above in Ground a; (2) the Court's constructive amendment of the indictment; and (3) the Court's application of the career offender designation.

## DISCUSSION

### Grounds a, b, and h(7) and i(3)

In Ground a, Pease claims the Court improperly designated him as a career offender. In Ground b, Pease alleges that the Court and erred in denying him a downward departure for acceptance of responsibility. In Grounds h(7) and i(3), Pease alleges that his counsel was ineffective at sentencing and on appeal for failing to challenge Pease's designation as a career offender.

Pease waived the right to appeal his sentence directly or collaterally. The right to appeal is statutory and can be waived knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993); *see also, United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). For an appeal waiver to be enforced, the Government must demonstrate either that this Court specifically questioned the Defendant (Pease)

10

concerning the sentence appeal waiver during the Fed. R. Crim. P.  Rule 11 colloquy or that it is manifestly clear from the record that the Defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.  A Defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 motion to vacate proceeding. *See United States v. Cockerham*, 2327 F.3d 1179, 1182 (10th Cir. 2001) (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (same);  *see also, Watson v. United States*, 165 F.3d 486, 488-89 (6th Cir. 1999); *United States v. Pruitt*, 32 F.3d 431 433 (9th Cir. 1994); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *cf. Latorre v. United States*, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999).  The waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Cockerham*, 237 F.3d at 1187; *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *Mason*, 211 F.3d at 1069; *United States v. Djelevic*, 161 F.3d 104-107 (2d Cir. 1998); *but see United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing not precluded by general sentence appeal waiver); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically foreclose him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver").

In particular, if the claim underlying the ineffective assistance claim was waived by

11

a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Djelevic*, 161 F.3d at 107 (although "dressed[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and therefore, is barred by the plain language of his plea agreement;  to allow his claim would be to "render meaningless" such plea agreement waivers); *accord Davila*, 258 F.3d at 451-42; *Mason*, 211 F.3d at 1068.

The United States Magistrate Judge explained the sentence appeal waiver to Pease at the change of plea hearing.  Please acknowledged that he understood and confirmed the waiver.  (Doc. cr-82 at 14-15).  Pease did not have any questions regarding the waiver. Finally, the Eleventh Circuit acknowledged and upheld the appeal waiver. *United States v. Pease*, 240 F.3d at 942.[4]

Because Pease's appeal waiver is valid and his claims are not based on any of the exceptions identified in the appeal waiver provision in his plea agreement, grounds a and b do not warrant relief.  Furthermore, because Pease's claims of inefffective assistance of counsel related to his career offender designation were waived by his plea agreement, grounds 7(h) and i(3) were also waived and do not warrant relief.

### Ground c

Pease claims that his guilty plea is invalid because: 1) the Government pressured and threatened his attorneys to coerce Pease to enter into the plea agreement and

---

[4] The Eleventh Circuit stated:
> Pease's plea agreement included an appeal waiver. Appeal waivers are valid if knowingly and voluntarily entered. *United States v. Bushert*, 997 F.2d 1343, 1351-52 (11th Cir.1993). The voluntariness of Pease's waiver of his right to appeal is a legal issue that we review de novo. Id. at 1352.

> The Eleventh Circuit found that Pease's plea waiver was knowing and voluntary.

therefore, the plea is involuntary;  2) the Court failed to inform him that drug quantity was an essential element of the offense; and 3) the Government failed to identify the specific piece of property the Government was seeking to forfeit.

Because Pease's conviction is final, Pease may challenge only the knowing and voluntary nature of his plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence.  *United States v. Boce,* 488 U.S. 563 (1989); *United States v. Kaiser, 893 F.2d 1300 (11th Cir. 1990);*

However, "[i]t is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. . . ."*Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  Moreover, Pease is barred from raising a challenge to the factual basis of his plea in his motion to vacate. *See Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992).  In the context of a 2255 motion to vacate, a defendant who enters a guilty plea waives all non jurisdictional challenges to the constitutionality of the conviction, and can only attack the voluntary and knowing nature of the plea. *Id.*

At the change of plea hearing, the Magistrate Judge established that Pease entered a knowing and voluntary plea.  The Magistrate Judge discussed the various parts of the plea agreement, and then asked:

> The Court: Does this Plea Agreement contain all the promises and understandings that have led you to plead guilty in this case?
>
> The Defendant: Yes.
>
> The Court: Is there anything that anybody was promised you or you've relied on in deciding to plead guilty, which is not in this written Plea Agreement?
>
> The Defendant: No.

The Court: And do you have any questions at all about anything in the written plea agreement?

The Defendant:  No.

. . . .

The Magistrate Judge then discussed the minimum and maximum penalties and asked:

The Court: Do you have any questions at all about these penalties that I've described?

The Defendant: No, ma'am.

The Magistrate Judge explained  that the Court could order Pease to forfeit property or to make restitution to any victim as part of his sentence.   Pease stated that he understood this provision. The Magistrate Judge also asked Pease if there were any basis for a statutory enhancement that he was aware of, and he answered there was none.  In addition, the Magistrate Judge  explained that no one could predict what Pease's sentence would be and that the United States District Judge was not bound by any estimate or prediction about his sentence, including any prediction by his attorney. The Magistrate Judge also explained that the Court might, in some instances, depart from the guidelines and impose a sentence that was more severe or less severe than the sentence called for in the guidelines. Pease indicated that he understood. (Doc. cr-82 at 15-19).  Finally, the Magistrate Judge asked:

The Court: How do you wish to plead to this charge of conspiracy to distribute cocaine?

The Defendant: Guilty.

The Court:  Are you pleading guilty, sir, because you are guilty?

14

The Defendant:  Yes.

(Doc. cr-82 at 24).

The Magistrate Judge then made a finding:

The Court:  Very well, I find that the Defendant is competent, that his plea is knowing, intelligent and voluntary and is supported by an independent basis, in fact, as to each essential element of the offense.  I also find that his decision to have me conduct the hearing, instead of the District Judge, is knowing and voluntary.

(Doc. cr-82 at 24).

Pease's representations regarding the voluntary nature of his plea constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ( "[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion. . . .include credible, valid reasons why a departure from those earlier contradictory statements is now justified." )

Pease's own statements in the record belie his contentions that his plea was not voluntary and knowing. *See Bradshaw v. U.S.*, 2005 WL 1669036 *4 (M.D. Fla., July 12, 2005) (slip opinion) ( "Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing." )(citing *U.S. v. Bushert*, 997 F.2d 1343, 1350 (11th Cir.1993).

Pease argues that the Government pressured his attorneys to coerce Pease to enter a guilty plea.  This claim has no merit. Pease relies on written communications from the Government to his attorneys seeking the return of the cocaine that was delivered to Pease on July 22, 1998.  The intent of the letters from the Government (Doc. cr-303, Exhibits A

15

and B) was to have the real kilogram of cocaine and the two counterfeit kilograms of cocaine returned to the Drug Enforcement Agency, not to pressure his attorneys to have Pease plead guilty. There is no evidence that either of Pease's attorneys coerced him to enter his guilty plea.  Pease's attorney, Jon Allen May, stated at Pease's sentencing hearing on January 29, 1999:

> . . . .[Pease] wasn't coerced into making the plea agreement.  He – he was – he– certainly – in terms of the information that we believed to be true, he understood – he made a decision based on that information; but the answer is no, he wasn't coerced by me.

(Doc. cr-98 at 32).

Next, Please claims that his plea was unknowing because the Court failed to inform Pease that drug quantity was an essential element of the offense. This claim also lacks merit. Pease raised a similar issue on direct appeal, challenging the sufficiency of the indictment because it did not include drug quantity. In its decision (see above), the Eleventh Circuit held that while Pease was correct "that the drug quantity is an element of the offense in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) cases that must be charged in the indictment and proven to a jury beyond a reasonable doubt," Pease was unable to establish that the error affected his substantial rights. *United States v. Pease,* 240 F.3d at 943-44. Therefore, Pease cannot show any harm resulting from this Court's not including the drug quantity as an essential element of the offense.  Furthermore, because Pease raised a similar claim on direct appeal, the claim is procedurally barred in this action.

Pease also claims that his plea was unknowing because the plea agreement did not identify a specific piece of property the Government was seeking to forfeit.  This claim also has no merit.  In his plea agreement (Doc. cr 25 at 8-10), and at the change of plea

16

hearing, Pease consented to the forfeiture of any and all assets subject to forfeiture and agreed to fully assist the Government in identifying and recovering any such assets. (Doc. cr-82 at 13).   Prior to sentencing, the Government identified the property subject to forfeiture and Pease did not object. (Doc. cr-61, Doc. cr-63 and Doc. cr-25 at 9). During his sentencing hearing, Pease stated that he was not contesting the forfeiture of any of the items listed in the Preliminary Order of Forfeiture. (Doc. cr-98 at 165-66).

The indictment and plea agreement put Pease on notice of the Government's intent to seek forfeiture.  There is no requirement for specifics to be included in the forfeiture language of the plea agreement since forfeiture is an aspect of sentencing. The Government fulfilled its obligations by furnishing particulars prior to sentencing.

For the reasons above, and because the Magistrate Judge found that Pease's guilty plea was knowing, intelligent, and voluntary, and was supported by an independent basis as to each essential element of the offense, Pease's claim challenging the knowing and voluntary nature of his guilty plea do not warrant relief.

## Grounds d, e, f, and g

In ground d, Pease alleges that the Court constructively amended the indictment by altering the essential elements of the offense.  In ground e, Pease contends that the Court was without jurisdiction to accept Pease's plea agreement because there was no one other than Pease and the Government's confidential informant involved in the conspiracy.  In Ground  f, Pease alleges that he never admitted a necessary element of the offense.  In Ground g, Pease contends the Government breached the plea agreement by failing to inform the Court of the extent of Pease's cooperation.

Ordinarily, claims that prevously were available and were not raised in a prior

proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and prejudice resulting from the error to excuse both defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, a defendant must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head,* 209 F.3d 1257, 1262-63 (11th Cir. 2000)(quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). To establish prejudice, the defendant must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This burden is heavier than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

As cause to excuse his procedural default, Pease argues that his counsel rendered ineffective assistance of counsel for failing to raise these claims. A defendant can establish cause in some circumstances by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 690 (1984). *See Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002). However, the defendant must fully allege and prove deficient performance that worked to his actual and substantial disadvantage. *See Reece v. United States*, 119 F.3d 1462, 1465-

18

68 (11th Cir. 1997).  Pease cannot meet this burden because, as shown below, Pease's counsel did not perform deficiently by failing to litigate these claims. Furthermore, even if Pease could demonstrate cause for failing to raise these claims previously, he has failed to demonstrate resulting prejudice.

### Constructively Amended Indictment (Ground d)

Pease alleges the Court constructively amended his indictment by adding an essential element (the drug amount) to the charged offense. An indictment under 21 U.S.C. § 846 is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated. *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978), *overruled on other grounds, United States v. Rodriguez*, 612 F.2d 906, 919 & n. 35 (5th Cir. 1980)(*en banc*).  The indictment in this case alleged these elements, charging specifically that Pease and others had conspired from an unknown date until on or about July 21, 1998, to distribute a quantity of a mixture or substance containing a detectable amount of cocaine. (Doc. cr-7).  Moreover, the Eleventh Circuit held "[a]n indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count."  *United States v. Pease,* 240 F.3d at 943.

In a similar argument, Pease asserted on direct appeal that the district court improperly sentenced him pursuant to 21 U.S.C. § 841(b)(1)(A), which applies to offenses involving five kilograms or more of cocaine, instead of sentencing him pursuant to 21 U.S.C. § 841(b)(1)(C), which does not designate a threshold quantity.  Relying on *Apprendi v. United States*, 530 U.S. 466 (2000), Pease claimed that, because the indictment did not allege a drug quantity and because the jury did not find a drug quantity beyond a reasonable doubt, the district court committed reversible error by imposing a sentence that

19

exceeded the maximum permitted by section 841(b)(1)(C).  The Eleventh Circuit held that while Pease had "satisfied the first two elements of the plain error test by showing that there was error and that it was plain, we must decide whether [Pease] has shown that the error affects substantial rights.  We conclude that he has not."  *Pease* at 943-44.

Since the Eleventh Circuit found there was no plain error under *Apprendi,*[5] Pease fails to demonstrate any resulting prejudice.  The Eleventh Circuit also ruled that "[a] contention that the indictment lacked sufficient specificity is waived, however, if the defendant fails to raise it before entering a guilty plea." *Pease* at 942.

### No Conspiracy (Ground e)

Please alleges that because his co-defendant Luis Enrique Jiminez was acting as a Government informant, and cannot be considered a co-conspirator, there was no actual conspiracy, because a conspiracy cannot involve just the defendant and a Government agent.

Pease relies on the testimony of Jiminez and Agent Kevin McLaughlin.  At Jiminez's sentencing,  Jiminez testified that he helped "put four or five individuals in prison." (Doc. cr-135 at 18).  Agent McLaughlin testified that Jiminez helped him with investigations. (Doc. cr-219 at 43).  However, Pease overlooks the fact that Jiminez did not begin to cooperate with Agent McLaughlin until Pease's arrest on July 21, 1998, *after* Jiminez had distributed 3 kilograms of cocaine to Pease, which Pease later returned to Jiminez alleging poor quality. (Doc. cr-98 at 94)  Upon his arrest, Jiminez agreed to cooperate with McLaughlin

---

[5] *United States v. Booker*, 543 U.S. 220  (2005) encompasses <u>*Blakely v. Washington*</u>, 542 U.S. 296(2004) and *Apprendi v. New Jersey*. *Booker*, and therefore, *Apprendi*, is not retroactive on collateral attack, *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

and make a controlled delivery of one actual and two counterfeit kilograms of cocaine to Pease. (Doc. cr-98 at 96).   Therefore, Pease had conspired with Jiminez *before* Jiminez began to cooperate with the Government.  Thus, Pease is guilty as charged of *conspiracy* to distribute cocaine.

### No Admittance of Elements (Ground f)

Pease asserts that the Court was without jurisdiction to accept his plea agreement because Pease did not admit to a necessary element of the offense, referring to the amount of cocaine.  Specifically, Pease argues that since he did not admit that he conspired to distribute at least five kilograms of cocaine, a necessary element of 21 U.S.C. § 841(b)(1)(A), the Court was without jurisdiction to accept his guilty plea.  This claim has no merit. Pease pled guilty to 21 U.S.C. § 846, and the Eleventh Circuit found that the indictment was sufficient.   Further, "[u]nder 21 U.S.C. § 841(b)(1)(B), conspiracy to distribute [three kilograms] of cocaine is punishable with a statutory range of five to forty years.  Because the district court sentenced Pease to thirty years, ten years less than the statutory maximum for conspiracy to distribute the quantity admitted, Pease cannot show that the errors affects substantial rights."  *Pease* at 944.  The Court had jurisdiction to accept Pease's guilty plea and this claim does not warrant relief.

### Breach of Plea Agreement (Ground g)

Pease argues that the Government breached the plea agreement by not informing the court of the full extent of his cooperation.  This claim has no merit.  At the change of plea hearing, the Magistrate Judge explained the "cooperation" portion of his plea agreement:

. . . you need to be fully aware that you may do everything in your power to

assist the Government, cooperate in every possible way, and you may think that that's substantial assistance.  But if the Government feels that this is not substantial assistance that you've provided, then you cannot appeal the Government's decision or challenge it in any way if it doesn't file that motion.

Pease agreed that he understood this provision. (Doc. cr-82 at 12, 13).  Therefore, the Government did not breach the plea agreement.  The Government determined that Pease's cooperation did not warrant substantial assistance.

### Ineffective Assistance of Counsel for Plea (Ground h)

Pease alleges that counsel was ineffective because he failed to challenge a constructive amendment of the indictment; stipulated to the amount of drugs for which Pease was responsible; failed to inform Pease of the specific piece of property the Government was seeking to forfeit in the plea agreement; failed to inform Pease that the drug amount was an essential element of the offense; and failed to challenge the Court's career offender designation of Pease.

To prevail on a claim alleging ineffective assistance of counsel, Pease must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires a defendant to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component.

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial.  When a client

pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts, so that the defendant may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client.

The second prong of the *Strickland* test focuses on whether counsel's alleged constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's alleged errors, the defendant would not have pled guilty and would have insisted on going to trial. *Id.*

Pease's claims of ineffective assistance of counsel set out above have been discussed and shown not to have merit. Therefore, counsel could not have been ineffective relative to any of those claims.

### 1 and 2. **Conflict of Interest and Violation of Attorney/Client Privilege**

Pease claims that his attorneys acted under a mutual conflict of interest. He alleges that his two attorneys violated Pease's attorney/client privilege by informing the Government that Pease had the three kilos of cocaine[6] that were involved in the drug transaction that occurred on July 22, 1998. Petitioner contends that the Government

---

[6] One kilogram was cocaine; the other two were counterfeit.

threatened his attorneys with this information to induce the attorneys into coercing Pease

to plead guilty.  Pease further contends that he was prejudiced by this conflict because his

attorneys did not give Pease an option of standing trial, but only the option of entering into

the plea agreement.

The record refutes Pease's claim and demonstrates that it is without merit.  At

Pease's first sentencing hearing, Pease stated to the Court:

> Uh, it was a substantial amount of cocaine I was involved, and since day one
> when this whole incident happened I have been trying to make arrangements
> to – to return the cocaine back to the – to the DEA.  From day one there was
> [sic] letters from the – a certified letter from they [sic] office on the next day
> that was granting me immunity to return the cocaine back to them, I had been
> trying every since day one.

(Doc. cr-86 at 21-22).  It is apparent from the record that Pease's attorneys were working

at Pease's direction to make arrangements with the Government to return the cocaine.

There was no conflict of interest or violation of the attorney/client privilege on the part of

either attorney.


### 3. **Failure To Investigate**


Pease alleges counsel were ineffective for failing to investigate the elements of

conspiracy prior to advising Pease to enter a guilty plea. Pease again argues there was no

conspiracy because Jiminez was a Government agent.  As discussed above, Jiminez was

not cooperating with the Government at the time he conspired with Pease to distribute

cocaine. Additionally, Pease's counsel (May), in arguing for acceptance of responsibility,

informed the Court of Pease's belief that Jiminez was a Government informant and

therefore, that Pease might not technically be guilty of conspiracy.   Attorney May further informed the Court that he had not "had an opportunity to sit down with Pease and explain to him why Pease was "technically" wrong in his belief about the conspiracy. (Doc. cr-98 at 149) The record demonstrates that counsel knew what the elements of the conspiracy were.  Pease has not shown that any further investigation was necessary.

### Failed To Raise Issues on Direct Appeal (Ground i)

Pease alleges that appellate counsel was ineffective for failing to raise the invalidity of the guilty plea on the grounds that 1) the plea was involuntary and 2) the court constructively amended the indictment by altering the essential elements of the offense.

The *Strickland* standard applies to ineffective assistance of appellate counsel claims. *Heath v. Jones,* 941 F. 2d 1126, 1130 (11th Cir. 1991).   Counsel does not provide ineffective assistance when frivolous arguments are not raised on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failing to argue a meritless issue).

The Sixth Amendment does not even require appellate advocates to raise every non-frivolous issue. *Heath*, 941 F.2d at 1131.  Instead, effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. *Id.*  Thus, even though an issue not appealed might have been successful, the actions of appellate counsel must be viewed in their entirety.  *Id.*  To determine whether counsel rendered ineffective assistance by failing to raise certain issues on appeal, the Court must examine the merits of the issues defendant alleges his counsel should have raised. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).   Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit."  *Alvord v. Wainwright*, 725 F.2d 1282, 1291

(11th Cir. 1984). As discussed above, the issues Pease claims should have been raised on direct appeal are without merit.

Pease has failed to meet the two-pronged *Strickland* test.  Although Pease claims in almost every ground he raises that " but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Pease has failed to demonstrate there is a reasonable probability that he underline actually would have gone to trial, as required by *Hill*. Therefore, Pease's ineffective assistance of appellate counsel claims are without merit.

Accordingly, the Court orders:

That Pease's motion to vacate (Doc. cv-1; cr-303) is denied, with prejudice.  The Clerk is directed to enter judgment against Pease in the civil case and to close that case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 31, 2006.

SUSAN C. BUCKLEW
United States District Judge


AUSA: James C. Muench

Pro se:  Andre Pease