UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PEASE,

v.  Case No. 8:98-cr-302-T-24EAJ
    8:02-cv-1830-T-24EAJ

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant Andre Pease's motion for reconsideration of the Court's order denying his motion for reconsideration of the denial of his Rule 59(e) motion to alter or amend the judgment (Doc. cr- 495); and Pease's motion for relief from the final judgment order denying his 28 U.S.C. § 2255 motion to vacate, pursuant to Federal Rules of Civil Procedure, 60(b)(2)(3)(4) and (6) (Doc. cr-501).

Background

This Court denied Pease's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and also denied his motion for reconsideration. (Doc. cr-472, 479). Pease filed a Notice of Appeal of the denial of his motion to vacate. (Doc. cr- 483). The Court denied his request for certificate of appealability and his request to proceed on appeal in forma pauperis. (Doc. cr-487). The Court also denied his motion for reconsideration of the denial of the certificate of appealability and the denial of his request to reopen documents 468 and 471. (Doc. cr-493). Pease then filed a motion for reconsideration of Document Number 493. (See Doc. cr-495).

The United States Court of Appeals for the Eleventh Circuit denied Pease's motion

for a certificate of appealability and dismissed his appeal. (See Doc. cr-498, 499). Now Pease has filed a Rule 60(b) motion for relief from the final judgment order denying his section 2255 motion to vacate. (Doc. cr-501).

"A Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *United States v. Wright*, 2006 WL 2190571, *3 -4  (N.D.  Fla. July 31, 2006)(citing *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2648-2650 (2005)).  Pease's present rule 60(b) motion must be construed as a successive motion to vacate.

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996). Defendant Pease has not done so.

Accordingly, the Court orders:

1. That Pease's motion for reconsideration of the Court's order denying his motion for reconsideration of the denial of his Rule 59(e) motion to alter or amend the judgment (Doc. cr- 495) is denied as moot.

2. That Pease's motion for relief from the final judgment order denying his 28 U.S.C. § 2255 motion to vacate pursuant to Federal Rules of Civil Procedure, 60(b)(2)(3)(4) and (6) (Doc. cr-501) is denied.

3. **IT IS FURTHER ORDERED** that petitioner is not entitled to a certificate of appealability on his Rule 60(b) motion. A prisoner seeking a writ of habeas corpus has no

absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Pease "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Pease has not made the requisite showing in these circumstances.

Finally, because Pease is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 2, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

AUSA: James C. Muench
Pro se:  Andre Pease