UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:98-cr-302-T-24EAJ

vs.

ANDRE PEASE

_____/

## ORDER

This cause comes before the Court on the Defendant Andre Pease's Amended Motion for Reconsideration (Dkt. 546). Pease asks the Court to reconsider his motion to compel specific performance of the plea agreement (Dkt. 532), which this Court has already considered and denied (Dkt. 539). For the reasons stated herein, the Court DENIES the Amended Motion for Reconsideration.

### I.     Background

In 1998, Pease pled guilty – pursuant to a plea agreement – to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846(a)(1). (Dkt. 25). On January 29, 1999, the Court sentenced Pease to a term of imprisonment of 360 months. (Dkts. 90, 91). The Court also entered a Preliminary Order of Forfeiture. (Dkt. 78).

In his plea agreement, Pease agreed to forfeit to the United States, immediately and voluntarily, any and all assets subject to forfeiture and to "fully assist" the government in identifying and recovering such assets. Dkt. 25 at ¶ 11. With respect to Pease's cooperation and providing "substantial assistance" to the government, Pease agreed cooperate fully with the government in the investigation and prosecution of other persons and acknowledged that "the

determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant will not challenge that determination, whether by appeal, collateral attack, or otherwise." Dkt. 25 at ¶ 8.

At sentencing, the government informed the Court that Pease was "very clearly unwilling to do anything to assist law enforcement" and that because of his unwillingness to cooperate, the government would not be filing a substantial assistance motion. Dkt. 86. The government also informed the Court that while on pretrial release, Pease continued to engage in illegal activities and was attempting to conceal his assets that were subject to forfeiture. *Id.*

On September 19, 2014, Pease filed a *pro se* motion to compel specific performance of plea agreement, arguing that the Court should compel the government to file a substantial assistance motion pursuant to Federal Rule of Criminal Procedure 35(b). (Dkt. 532). Pease argued that he had provided material and substantial assistance and the Government's decision not a file a Rule 35(b) motion was based on an unconstitutional motive, *i.e.*, because Pease exercised his due process right to challenge the criminal forfeiture proceedings. The government filed a response in opposition. (Dkt. 538). Based on the reasons stated in the government's response, the Court denied the motion to compel. In addition, the Court stated that it had no authority to review a decision not to file a Rule 35(b) motion unless it was based on an unconstitutional motive or promised unconditionally in a plea agreement, neither of which the Court found to be present. (Dkt. 539).

On November 5, 2014, Pease then filed a *pro se* motion for reconsideration regarding the Court's order denying his motion to compel. (Dkt. 543). On November 7, 2014, the Court denied the motion for reconsideration finding that Defendant re-argued the grounds of his previously

denied motion to compel. (Dkt. 545). In addition, the Court found that there had been no factual or legal change in the basis upon which the motion to compel was denied. *Id.* Thus, the motion presented no reason for the Court to reconsider its denial of the motion to compel.

Also on November 7, 2014, Pease's attorney filed an Amended Motion for Reconsideration, which is presently before the Court. (Dkt. 546). In the motion, Pease argues that the Court was incorrect in its determination that the government's failure to file a Rule 35(b) motion was not based on an unconstitutional motive. Instead, Pease argues that he has a Fifth Amendment right to challenge the forfeiture proceedings and the government retaliated against him for doing so by deciding not to file a Rule 35(b) motion.

In the Amended Motion for Reconsideration, Pease submits a second reason why the Court should find an unconstitutional motive in the government's decision not to file a Rule 35(b) motion: disparity in the treatment between Pease and his Hispanic co-defendant, Luiz Jimenez, for purposes of substantial assistance. The government filed a § 5K1.1 motion on behalf of Mr. Jimenez and Jimenez received a § 5K1.1 downward departure at sentencing. Pease argues that the disparate treatment between Jimenez and himself amounts to an unconstitutional motive based on race. This argument was not raised by Pease in his motion to compel. (Dkt. 532).

Finally, Pease asserts that he has met the threshold of a substantial showing that the government did not file a Rule 35(b) motion because of a constitutionally impressible motivation and thus, judicial review of that decision is appropriate. Pease requests that the Court hold a hearing in order to determine whether such an unconstitutional motive is present in his case.

## II.  ANALYSIS

As an initial matter, the decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. *Bankers Life*

3

*Ins. Co. v. Credit Suisse First Boston Corp.*, No. 8:07CV00690-T-17MSS, 2008 WL 4372847, at *1 (M.D. Fla. Sept. 24, 2008) (citation omitted) (citing *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

In his initial motion to compel, Pease argued that the government's decision not to file a Rule 35(b) motion was based on an unconstitutional motive: Pease's invocation of his Fifth Amendment right to challenge the forfeiture proceedings. The Court denied the motion to compel. The Court again denies Pease's request for the Court to compel the government to file a Rule 35(b) motion based on substantial assistance. Pease does not support his argument that there is a Fifth Amendment right to challenge criminal forfeiture proceedings with case law or any other authority. But, even if Pease had a Fifth Amendment right to challenge the forfeiture proceedings, he waived that right in his plea agreement by agreeing to "immediately and voluntarily" submit all assets to the government that were subject to forfeiture. Just as a defendant may waive his Sixth Amendment right to a jury trial in a plea agreement, a defendant may waive other constitutional rights such as the alleged Fifth Amendment right asserted by Pease to challenge the forfeiture proceedings. Where the defendant, as here, waives the right to challenge forfeiture, the Court finds that there was no unconstitutional motive by the government in its decision not to file a Rule 35(b) motion.

Next, as to Pease's argument that an unconstitutional motive exists based on the disparate treatment between Pease, who is African American, and his Hispanic co-defendant, there is <u>no evidence</u> that race was the motive for the government's decision not to file a Rule 35(b) motion on behalf of Pease. Other than the fact that Jimenez, a Hispanic co-defendant, received a § 5K1.1 downward departure at sentencing and Pease did not, there is no evidence of race-based discrimination. The law is clear that the government has "a power, not a duty, to file a motion

4

when the defendant has substantially assisted." *United States v. Mignott*, 278 Fed. Appx. 997, 999 (11th Cir. 1993).  Thus, because the Court finds no unconstitutional motive, the government was free to decide whether to file a Rule 35(b) motion on Pease's behalf and that decision will not be second guessed.

Finally, as to Pease's request for a hearing, a defendant is only entitled to a hearing if he has made a substantial threshold showing of an unconstitutional motive.  *See id.* (stating that "[i]n the absence of a 'substantial threshold showing' the refusal to file a substantial assistance motion was based upon an unconstitutional motive, such as race or religion, a defendant has no right to discovery or an evidentiary hearing on this issue." (citing *Wade v. United States*, 504 U.S. 181, 186 (1992)).  As discussed throughout this order, Pease has failed to present any evidence that the government's decision to file a Rule 35(b) motion was based on an unconstitutional motive.

For the reasons stated herein, Defendant's Amended Motion for Reconsideration is hereby **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 27th day of August, 2015.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record

5